UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STRAIGHTSHOT COMMUNICATIONS INC., a Washington corporation, | CASE NO. C10-268Z |
| Plaintiff, | ORDER |
| v. | |
| TELEKENEX, INC., a Delaware corporation, et al., | |
| Defendants. | |
| TELEKENEX, INC., a Delaware Corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| STRAIGHTSHOT RC, LLC, a Delaware limited liability company; et al., | |
| Third-Party Defendants. | |

ORDER
PAGE -1

THIS MATTER comes before the Court on the Motion to Dismiss, docket no. 85, filed by Plaintiff Straightshot RC, L.L.C.'s ("SRC"). Having reviewed the parties' briefing, the Court enters the following Order.

I. **Discussion**

SRC moves to dismiss Defendant Mammoth Networks, L.L.C.'s ("Mammoth") counterclaim and third-party complaint for debt recharacterization (fourth cause of action), arguing that it is not a cognizable claim for relief outside of bankruptcy. SRC also moves to strike the following affirmative defenses in Mammoth's answer as unsupported by any facts: (1) estoppel/waiver (third affirmative defense); (2) failure to mitigate damages (fourth affirmative defense); and (3) failure to protect information (fifth affirmative defense).

**A. SRC's Motion to Dismiss Mammoth's Debt Recharacterization Claims**

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is proper where the complaint fails to state a cognizable legal theory or fails to allege sufficient facts to state a plausible claim for relief. Schroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2009). SRC argues that Mammoth's cause of action for "debt recharacterization" is not a cognizable claim for relief in a federal case.

Mammoth cites to a number of bankruptcy court opinions holding that, under section 105 of the bankruptcy code (11 U.S.C. § 105(a)), a bankruptcy court has the equitable authority to adjudicate a claim for debt recharacterization. See In re

Autostyle Plastics, Inc., 269 F.3d 726, 748 (6th Cir. 2001); In re Official Comm. of Unsecured Creditors for Dornier Aviation (North America), Inc., 453 F.3d 225, 233 (4th Cir. 2006).   In the Ninth Circuit, however, bankruptcy courts do not have the power to adjudicate a claim for debt recharacterization.   In re Pacific Express, Inc., 69 B.R. 112, 115 (B.A.P. 9th Cir. 1986).

Mammoth argues that although In re Pacific Express precludes bankruptcy courts in the Ninth Circuit from adjudicating claims for debt recharacterization, it does not preclude this Court from hearing such a claim because this Court has broader equitable powers than a bankruptcy court.   In support of this contention, Mammoth relies heavily on a non-bankruptcy district court case from the Eastern District of New York, where the court held that the plaintiff could pursue a claim for debt recharacterization.   Gasser v. Infanti Int'l, Inc., 2008 WL 2876531, *8 n.7 (E.D.N.Y 2008).   The court in that case adopted the cause of action from the bankruptcy context without discussion or analysis. Id.   The Court declines to follow the Gasser decision, and concludes that federal law does not provide for a cause of action for debt recharacterization.   Arena Dev. Grp., L.L.C. v. Naegele Commc'ns, Inc., 2007 WL 2506431, *7 (D. Minn. 2007) ("Declaratory relief for recharacterization of debt to equity and equitable subordination are not cognizable causes of action in federal district court."); Englewood Lending, Inc. v. G&G Coachella Invs., L.L.C., 651 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009) ("Borrowers' authorities show recharacterization is a tool bankruptcy courts use when

deciding the priority to give certain claims.  They do not show it is a claim parties can assert against each other under . . . federal law independent of bankruptcy proceedings."); see also Rubbermaid Inc. v. Robert Bosch Tool Corp., 2010 WL 3834410 (C.D. Ill. 2010).

In the alternative, Mammoth argues that debt recharacterization is a cognizable claim for relief under Washington state law.  There appear to be some states that provide a common law cause of action for debt recharacterization.  See James M. Wilton & Stephen Moeller-Sally, Debt Recharacterization under State Law, 62 Bus. Law. 1257, 1268 (2007) (citing Massachusetts and Wisconsin cases recognizing debt recharacterization as a defense to the enforceability of insider loans).  Although the Court directed Mammoth to submit supplemental briefing on the viability of a debt recharacterization claim under Washington law, see Minutes, docket no. 129, Mammoth failed to provide any authority in support of such a claim.  Instead, Mammoth urges the Court to adopt the standard for debt recharacterization claims applied in Massachusetts and Wisconsin.  The Court declines to create a new cause of action that is unsupported by Washington law.  Mammoth's debt recharacterization cause of action is not cognizable under federal law or Washington state law.

**B.     SRC's Motion to Strike Mammoth's Affirmative Defenses**

A court may strike from a pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A defense is

insufficient if it is unsupported by any facts that would entitle the defendant to relief. Qarbon.com, Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).  A reference to a legal doctrine, standing alone, is insufficient notice.  Id.  If the Court chooses to strike a defense, leave to amend should be freely given so long as there is no prejudice to the opposing party.  Wyshak v. City Nat'l Bank, 607 F.2d at 824, 826 (9th Cir. 1979).

SRC argues that the Court must strike Mammoth's affirmative defenses of waiver/estoppel, failure to mitigate damages, and failure to protect information because Mammoth has not pled any facts to support these defenses.  The Court agrees that Mammoth's answer only raises these defenses in conclusory fashion, without referencing any particular facts.  See Answer, docket no. 78 at 10.  Mammoth's answer fails to plead sufficient facts to give SRC fair notice of the defenses.

## II.  Conclusion

The Court GRANTS SRC's motion to dismiss, docket no. 85.  Mammoth's fourth cause of action for debt recharacterization is DISMISSED with prejudice.  The Court further GRANTS SRC's motion to strike, docket no. 85, and STRIKES Mammoth's third, fourth, and fifth affirmative defenses without prejudice.  Mammoth has requested leave to amend as to these affirmative defenses, and the Court concludes that SRC will not be prejudiced by an amendment.  The Court GRANTS Mammoth's

request for leave to file an amended answer as to these defenses. Mammoth shall file any amended answer no later than December 13, 2010.

IT IS SO ORDERED.

Filed and entered this 19th day of November, 2010.

*[signature: Thomas S. Zilly]*

Thomas S. Zilly
United States District Judge

ORDER
PAGE -6