THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STRAITSHOT RC, LLC, a Washington corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TELEKENEX, INC., a Delaware corporation; et al.,<br><br>　　　　　　Defendants. | CASE NO. C10-268 TSZ<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW TELEKENEX DEFENDANTS**<br><br>**NOTE ON MOTION CALENDAR:**<br>**December 3, 2010** |
| TELEKENEX, INC., a Delaware Corporation,<br><br>　　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>STRAITSHOT RC, LLC, a Delaware limited liability company; et al.,<br><br>　　　　　　Third-Party Defendants. | |
| MAMMOTH NETWORKS, LLC, a Wyoming limited liability company,<br><br>　　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>CLARITAGE STRATEGY FUND, L.P., a Cayman Islands limited partnership, et al.,<br><br>　　　　　　Third-Party Defendants. | |

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW
TELEKENEX DEFENDANTS
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Pursuant to the direction from the Court, Plaintiff Straitshot RC, LLC ("Plaintiff") moves for leave to amend the Third Amended Complaint to add Telekenex IXC, Inc., IXC, Inc., and IXC Holdings, Inc. as Defendants based on the representations regarding the Telekenex companies' corporate structure made by counsel for Telekenex, Inc. after the September 7, 2010 deadline for amending pleadings and based on Telekenex's complete refusal to comply with Plaintiff's outstanding discovery requests.

## I.   FACTS

### A.   The Limited Discovery to Date Suggests That Telekenex, Inc. and Telekenex IXC, Inc. Are One Business Entity.

In March 2009, as Defendant Telekenex, Inc. ("Telekenex") was well along in its wrongful scheme to steal Straitshot Communications, Inc.'s ("Straitshot") customers, it used the name Telekenex IXC, Inc. ("Telekenex IXC") to acquire interests in Seattle-based AuBeta Networks Corporation ("AuBeta").[1]  Telekenex then threatened AuBeta's customers that their network services would be cut off if they did not immediately sign new, multi-year contracts with Telekenex.[2]  However, according to public records, Telekenex IXC was not incorporated until three months *after* the acquisition of AuBeta.[3]

Telekenex IXC is owned exclusively by Defendant Brandon Chaney, Telekenex's CEO, and Defendant Anthony Zabit, Telekenex's President, and they are the sole directors of Telekenex IXC.[4]  Zabit and Chaney in turn own 64 percent of Telekenex.[5]  Although Zabit and Chaney are Telekenex employees, they also manage Telekenex IXC.[6]  According to a member of Telekenex's management team,[7] Telekenex merged with Telekenex IXC in August or September 2010.[8]

---

[1] Declaration of Jessica Goldman in Support of Plaintiff's Motion for Leave to Add New Telekenex Defendants ("Goldman Decl."), Ex. 1.

[2] *Id.*, Ex. 2 at 2-3, 5-8.

[3] *Id.*, Ex. 3.

[4] *Id.*, Ex. 4 at 36:5-8; *id.*, Ex. 3.

[5] *Id.*, Ex. 4 at 38:18-23.

[6] *Id.*, Ex. 5 at 105:16-19, 107:3-12.

[7] *See* http://www.telekenex.com/landing_page_about1.html.

[8] Goldman Decl., Ex. 6 at 10:9-17.

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW
TELEKENEX DEFENDANTS - 1
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

What the actual relationship is among Telekenex and Telekenex IXC remains – to Plaintiff – somewhat unclear.  At the conference in chambers following the October 27, 2010 hearing, the parties discussed the production by Telekenex of information regarding their corporate structure.  However, Telekenex has made no such production during the ensuing weeks.  What is evident, however, is that Telekenex and Telekenex IXC, both before and after the reported merger, have been operated as one business.  Telekenex and Telekenex IXC employees perform the same services, interchangeably, for both companies.  The head of Telekenex's sales operation, Vice-President of Sales Larry Bani, has always managed the sales operations at both Telekenex and Telekenex IXC without distinguishing between the two:

> So for what I do in sales, it to me didn't make any difference.  Right?  We just conduct business like usual.  So I have my salespeople, we have our channel, we have our national, we have our direct.  And so from where I sat and what I did on a daily basis, nothing was any different when were just INC or when were INC, IXC, or where it only became IXC.[9]

Prior to the merger, Mr. Bani was a Telekenex employee with Telekenex IXC employees reporting to him and he sold Telekenex IXC services.[10]  "And don't ask me how that was divided or, you know, why it mattered as to who was there.  And again, it really made no difference to how we conducted business."[11]

This also is true for Defendant Karen Salazar, Telekenex's Senior Director of Sales Operations and wife of Telekenex President Zabit, who performed the same work for her employer Telekenex as she did for Telekenex IXC.  Moreover, Telekenex employee Salazar is the immediate supervisor of Telekenex IXC general counsel Brandon Lancaster whom she describes as "our" in-house counsel.[12]

And it is true for Stefan Dickason and Justin Pauole, two of the Straitshot engineers wrongfully solicited by Telekenex and wrongfully used by Telekenex to move Straitshot customers

---

[9] *Id.* at 161:18-25.
[10] *Id.* at 162:1-14.
[11] *Id.* at 162:8-11.
[12] *Id.*, Ex. 7 at 17:21-18:1, 18:24-19:3, 21:4-8, 22:23-23:1; *id.*, Ex.8.

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW
TELEKENEX DEFENDANTS - 2
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1 to Telekenex. Dickason and Pauole were moved from Telekenex over to the Telekenex IXC
2 payroll because they worked in Seattle, not at the Telekenex headquarters in San Francisco.[13]
3 However, nothing changed functionally for them with this change in employer: their job
4 responsibilities are precisely the same at Telekenex IXC as they were at Telekenex, they report to
5 the same supervisor as they did before, and they continue to provide the same services to the
6 customers of Telekenex and the customers of Telekenex IXC.[14] To Pauole, it was apparent that
7 Telekenex and Telekenex IXC were, together, "a whole company."[15] Today, Dickason reports to
8 Telekenex IXC employee Chris Cherry who, in turn, reports to Telekenex President Zabit.[16]
9 Finally, Telekenex and Telekenex IXC share a network and the engineers who are
10 employees of either company provide service to the customers of both companies.[17] The two
11 companies also share a network operations center for after-hours and weekend support for their
12 customers.[18]

**B.  Telekenex Refuses to Produce Documents About Telekenex IXC.**

On April 2, 2010, Plaintiff served discovery requests on Telekenex which included the following (referred to collectively as the "Telekenex IXC Discovery"):

> **INTERROGATORY NO. 42:** State the revenues received from each Telekenex IXC customer, by month and by customer, through April 30, 2010.
>
> …
>
> **REQUEST FOR PRODUCTION NO. 68:** Produce all Telekenex IXC financial statements, including monthly and annual statements, and including, without limitation, profit and loss statements, balance sheets, cash flow statements, and income statements.
>
> …

---

[13] Goldman Decl., Ex. 9 at 29:6-30:5.
[14] *Id.* at 30:6-31:13; *id.*, Ex. 10 at 18:19-24, 23:25-24:5.
[15] Goldman Decl., Ex. 10 at 18:11-15.
[16] *Id.*, Ex. 9 at 31:20-32:2; *id.*, Ex. 5 at 105:16-19.
[17] *Id.*, Ex. 11 at 28:2-30:16.
[18] *Id.*, Ex. 5 at 107:3-8.

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW
TELEKENEX DEFENDANTS - 3
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**REQUEST FOR PRODUCTION NO. 70**: Produce any documents that describe, concern, or relate to Telekenex's acquisition of AuBeta or AuBeta assets.

…

**REQUEST FOR PRODUCTION NO. 72:** Produce any documents that describe, concern, regard, or relate to revenues received from any Telekenex IXC customer through April 30, 2010.[19]

On May 3, 2010, Telekenex responded to these discovery requests as follows:

**INTERROGATORY NO. 42:** State the revenues received from each Telekenex IXC customer, by month and by customer, through April 30, 2010.

**ANSWER:** Subject to Defendant's general objection, Defendant does not have information regarding Telekenex IXC, Inc.'s revenue in its custody or control.

…

**REQUEST FOR PRODUCTION NO. 68:** Produce all Telekenex IXC financial statements, including monthly and annual statements, and including, without limitation, profit and loss statements, balance sheets, cash flow statements, and income statements.

**RESPONSE:** Defendant has no responsive documents in its custody or control.

…

**REQUEST FOR PRODUCTION NO. 70**: Produce any documents that describe, concern, or relate to Telekenex's acquisition of AuBeta or AuBeta assets.

**RESPONSE:** Defendant has no responsive documents in its custody or control.

…

**REQUEST FOR PRODUCTION NO. 72:** Produce any documents that describe, concern, regard, or relate to revenues received from any Telekenex IXC customer through April 30, 2010.

**RESPONSE:** Defendant has no responsive documents in its custody or control.[20]

Upon completion of the depositions of the Telekenex employees referenced in § I.A above, it became apparent that there are serious questions as to the accuracy and truth of Telekenex's discovery responses: Telekenex did, indeed, have custody *and* control over all of the Telekenex IXC Discovery.

On October 21, 2010, Plaintiff wrote Telekenex regarding the outstanding Telekenex IXC Discovery:

---

[19] *Id.*, Ex. 12.

[20] *Id.*, Ex. 13.

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW
TELEKENEX DEFENDANTS - 4
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

    E.    Regarding Interrogatory No. 42, it is evident that Telekenex Inc. and Telekenex, IXC were operated as one business, without the proper observance of corporate form.  Telekenex, Inc. certainly has possession or control over the information requested.

…

    I.    Regarding Requests for Production No. 68, 70 and 72, it is evident that Telekenex Inc. and Telekenex, IXC were operated as one business without the proper observance of corporate form.  Telekenex, Inc. certainly has possession or control over the documents requested.[21]

On October 25, 2010, Plaintiff conducted a discovery conference with Telekenex regarding the outstanding discovery.  Telekenex's counsel advised that "Telekenex would not be answering or responding to any of the discovery requests concerning Telekenex IXC" and she refused to inform Plaintiff as to the identity of the Telekenex IXC officers.[22]

On October 26, 2010, Plaintiff spoke again with counsel for Telekenex regarding the Telekenex IXC Discovery.  Telekenex's counsel agreed she would answer Interrogatory No. 42 "regarding services provided by Telekenex, Telekenex IXC, or any related company to former Straitshot customers."[23]  The discovery conference as to the three outstanding Requests for Production was memorialized by Plaintiff's counsel in an e-mail to Telekenex's attorney:

> Regarding RFP No. 68, you advised you will produce responsive documents that relate to former Straitshot customers.  Otherwise, you object and will not produce responsive documents.  Regarding RFP No. 70, you told me that I already know the price that Telekenex paid for AuBeta.  I told you that this was not the case.  Mr. Chaney testified in general about this transaction, off the top of his head, but we do not have any of the particulars.  You told me that you object to producing responsive documents because they are "irrelevant."  Regarding RFP No. 72, I agreed to limit the request to documents that concern former Straitshot customers.  You agreed you would produce responsive documents.[24]

On October 31, 2010, Plaintiff's counsel reiterated the request that Telekenex produce the outstanding documents.[25]

---

[21] *Id.*, Ex. 14.
[22] *Id.*, Ex. 15.
[23] *Id.*
[24] *Id.*
[25] *Id.*

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW
TELEKENEX DEFENDANTS - 5
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

On November 3, 2010, Plaintiff's counsel met again with Telekenex's counsel to obtain the requested discovery. Telekenex's attorney stated that she would not produce documents responsive to RFP 68 and 70.[26] She advised that Telekenex would be producing the bulk of the other responsive documents by November 12, 2010.[27]

On November 4, 2010, Plaintiff requested that the Court compel the discovery requested in RFP 68 and RFP 70. Following a telephonic hearing, the Court ordered as follows:

> Plaintiff's motion is GRANTED in part to the extent plaintiff seeks to compel disclosure of (1) financial statements, financial projections, and acquisition documents prepared by AuBeta and Telekenex in connection with Telekenex's acquisition of AuBeta (Request for Production Nos. 66, 67 and 70); and (2) Telekenex IXC, Inc.'s financial statements (consisting of annual profit and loss statements and balance sheets) for the period of January 2009 through June 2010 (Request for Production No. 68).[28]

November 12, 2010 came and went with not a single document or Interrogatory answer from Telekenex.[29] On November 15, 2010, Plaintiff's counsel again wrote Telekenex's attorney:

> You had indicated that Telekenex would be providing answers to Interrogatories and producing many of the outstanding documents by November 12…. We also have not received the documents Judge Zilly … ordered produced in his November 4 Minute Order (ECF No. 133), that is responses to RFPs 66, 67 and 70 along with Telekenex IXC, Inc.'s profit and loss statements and balance sheets for January 2009 through June 2010. Would you please confirm that we will be receiving this discovery by the end of this week, Nov. 19? Thanks.[30]

On November 18, 2010, Telekenex produced the Asset Purchase Agreement memorializing Telekenex IXC's purchase of AuBeta assets.[31] Other than that, Telekenex has not produced *any* of the documents responsive to the Telekenex IXC Discovery and has not answered Interrogatory No. 42.[32]

---

[26] *Id.*
[27] *Id.*
[28] ECF No. 133
[29] Goldman Decl. ¶ 16.
[30] *Id.*, Ex. 15.
[31] Goldman Decl. ¶ 2 & Ex. 1.
[32] *Id.* ¶ 2.

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW
TELEKENEX DEFENDANTS - 6
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**C.      Plaintiff Learns That Telekenex Has Disposed of Its Assets.**

On October 7, 2010 – three weeks after the deadline to amend pleadings and when Telekenex perceived it to be advantageous to finally describe the relationship among the Telekenex companies – Telekenex included the following in the footnote of a motion to quash Plaintiff's third-party discovery:  "The prior legal name of IXC, Inc. is Telekenex IXC, Inc.  Telekenex IXC operated as a separate legal entity from Telekenex, Inc. although IXC Holdings, Inc. acquired substantially all of the assets of Telekenex, Inc. in August 2010."[33]  This was news to Plaintiff which had not received any of the information and documents responsive to the Telekenex IXC Discovery.[34]

**D.      IXC Holdings Remains a Mystery to Plaintiff.**

The news in the footnote about IXC Holdings, Inc. ("IXC Holdings") added yet another layer of obscurity in the Telekenex shell game.  Neither Mr. Bani – one of the four individuals on Telekenex's management team – nor Mr. Dickason has ever heard of IXC Holdings.[35]  Telekenex's Director of IP Infrastructure testified that IXC Holdings is a holding company for Telekenex IXC.[36]  Defendant Salazar testified that she first heard of IXC Holdings in August 2010 when she was informed that all future Telekenex customer contracts were to be issued in the name of IXC Holdings.[37]

According to public records, IXC Holdings was incorporated on September 17, 2010.[38]  As of October 29, 2010, IXC Holdings' assumed name is "Telekenex."[39]  Its sole director is Defendant Zabit, Telekenex's President.[40]

---

[33] ECF No. 100 at 3, n.1.
[34] Goldman Decl. ¶ 17.
[35] *Id*., Ex. 6 at 11:1-3; *id.*, Ex. 9 at 32:20-22.
[36] *Id*., Ex. 11 at 31:17-25.
[37] *Id*., Ex. 7 at 23:2-24:14.
[38] *Id.*, Ex. 16.
[39] *Id.*
[40] *Id.*

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW
TELEKENEX DEFENDANTS - 7
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

**E.     Failed Effort to Stipulate to Addition of New Defendants.**

On October 27, 2010, in chambers, Plaintiff advised the Court of the new information from Telekenex regarding the transfer of assets and the additional Telekenex entities. During the Court's discussion with counsel, counsel for Telekenex advised that Telekenex would stipulate to the addition of these entities as defendants. This was reflected in the Court's Minute Order of October 28, 2010: "The parties agree to file a stipulation regarding the addition of new corporate defendants."[41]

On November 15, 2010, Plaintiff presented Telekenex with a proposed stipulation which stated as follows:

> Pursuant to Local CR 10(g) and Local CR 7(d)(1), Plaintiff Straitshot RC, LLC and Defendant Telekenex, Inc. ("Telekenex") stipulate that Plaintiff be permitted to add as Defendants IXC Holdings, Inc. and IXC, Inc.
>
> Plaintiff and Telekenex stipulate that the claims in the Third Amended Complaint alleged as to Telekenex shall be treated as having also been asserted against IXC Holdings, Inc. and IXC, Inc., and the denials and defenses asserted by Telekenex will be construed as though they had been asserted by IXC Holdings, Inc. and IXC, Inc.
>
> Plaintiff and Telekenex further stipulate that the claims in the Third Amended Complaint will be deemed to include claims against IXC Holdings, Inc. and IXC, Inc. of corporate successor liability, fraudulent transfer, corporate disregard, and petition to compel collection of unlawful distributions under RCW 23B.14.070, and that those claims will also be deemed to be denied by IXC Holdings, Inc., and IXC, Inc.[42]

Although Telekenex's counsel agreed to add IXC and IXC Holdings as Defendants, she would not sign the stipulation: "[T]his is not a stipulation that I accept. It goes far beyond what was discussed with the Court and requires that I adopt a stipulation I do not believe is in the best interests of my client, and that is overreaching and unfair."[43]

**F.     Telekenex IXC and IXC Holdings Refuse to Comply With Subpoenas.**

As a result of the footnote by Telekenex regarding its transfer of assets, on October 26, 2010, Plaintiff issued subpoenas to IXC and IXC Holdings requesting on November 23, 2010

---

[41] ECF No. 129.

[42] Goldman Decl., Ex. 17.

[43] *Id.*

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW
TELEKENEX DEFENDANTS - 8
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

testimony by a 30(b)(6) designee and the production of documents. The subpoena to IXC Holdings requested as follows:

> **DOCUMENTS**
> 1. Any and all documents in your possession, custody, or control, that are responsive to any of the Requests for Production already tendered to Telekenex, and that were requested on October 25, 2010.
> 2. Documents sufficient to indicate (i) the assets and liabilities of IXC Holdings, Inc.; and (ii) the relationship to and involvement by IXC Holdings, Inc. with either or both of Telekenex and IXC Inc.
>
> **SUBJECTS OF EXAMINATION**
> 1. The assets and liabilities of IXC Holdings, Inc.;
> 2. The relationship to and involvement by IXC Holdings, Inc. with Telekenex and IXC Inc.; and
> 3. The relationship to and involvement by IXC Holdings, Inc. with former Straitshot employees and customers.[44]

The subpoena to IXC requested the equivalent information and documents.[45]

On November 18, 2010, Telekenex's counsel wrote Plaintiff's attorney: "In light of Judge Zilly's discovery order setting forth the records that can be obtained from IXC and IXC Holdings, are you going to withdraw the records subpoenas for next week?"[46] That day, Plaintiff's counsel responded:

> I'm not sure I follow. You have agreed that both these entities may be added as defendants. We are being required to set forth the bases for the causes of action we may assert against these entities and, then, we will have to prove up our claims. We have a critical need for the documents we have requested from the subpoenas to IXC and IXC Holdings. I assume that you will be representing these two entities in this lawsuit. Right? If so, we are willing to work with you to obtain the responsive documents in the most expeditious way possible. Please advise.[47]

Telekenex's counsel responded by pointing to the Court's November 4, 2010 Minute Order granting Plaintiff's motion to compel production of the Telekenex IXC Discovery that had been directed to Telekenex. "Maybe this will help. Judge Zilly said we are to produce the documents

---

[44] *Id.*, Ex. 18.
[45] *Id.*, Ex. 19.
[46] *Id.*, Ex. 20.
[47] *Id.*

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW
TELEKENEX DEFENDANTS - 9
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

listed in this minute order. We will. To the extent the records subpoena is broader, we think this order is dispositive. If you don't agree, I'll file motions to quash."[48] Plaintiff's counsel responded:

> The discovery issue before Judge Zilly on November 4 concerned discovery requests we propounded to Defendant Telekenex Inc. about two third parties. The posture and issues are different now. You have agreed to stipulate – and the Court has directed that we stipulate – to the addition of IXC and Holdings. One of the primary reasons they will be added as parties is due to the apparent transfer of assets among Telekenex, Inc. and these new defendants. Accordingly, we believe that documentation of the transfer of assets and of the corporate relations among these entities, the treatment of corporate assets, the relationship between these entities and their shareholders, etc., are all discoverable matters. Moreover, when we met with him on October 27, Judge Zilly asked that Telekenex provide us with the documentation of the transactions between Telekenex and these two other entities. If you would like to propose some narrowing of our subpoenas, we are happy to consider your proposals. Otherwise, we look for compliance with the subpoenas.[49]

On November 19, 2010, Telekenex's counsel ended the discussion without leave of Court: "In light of Judge Zilly's discovery orders, we will not appear for the records deps on the 23rd nor will we be producing any documents other than those ordered by the Judge in the case."[50]

**G.  Neither Telekenex, IXC, Inc., nor IXC Holdings Has Produced Any Information About the New Defendants.**

Although Telekenex has agreed that IXC, Inc. and IXC Holdings may be added as Defendants, Telekenex has resolutely refused to produce any information about these entities and their relationship with Telekenex. Excepting only the Asset Purchase Agreement between Telekenex and AuBeta, Telekenex has not produced **any** of the information or documents requested in the Telekenex IXC Discovery propounded on **April 2, 2010**. By the same token, Telekenex has advised that, without the benefit of a protective order or a quashing order, IXC, Inc. and IXC Holdings will not comply with the subpoenas Plaintiff served on them.

---

[48] *Id.*, Ex. 21.
[49] *Id.*
[50] *Id.*

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW
TELEKENEX DEFENDANTS - 10
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## II. ARGUMENT

The deadline for amending the pleadings was September 7, 2010.[51]  Plaintiff seeks leave to file a Fourth Amended Complaint past that deadline because it has acted diligently and with good faith in conducting discovery and because it was sandbagged by Telekenex with the information of the corporate transfers only after the September 7 deadline had passed.

A pre-trial scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting the Advisory Committee's notes; citations omitted).  Telekenex has agreed to the addition of IXC[52] and IXC Holdings as Defendants.  Hence, the only issue for resolution is what causes of action Plaintiff may allege against them.

Plaintiff diligently pursued discovery against Telekenex and propounded the Telekenex IXC Discovery in April 2010.  A key purpose of that discovery was to trace revenues obtained by Telekenex IXC from the Straitshot customers that were wrongfully solicited by Defendants.  However, as Plaintiff only learned from Telekenex's counsel *three weeks after the deadline for amending pleadings*, responses to the Telekenex IXC Discovery *also* would have informed Plaintiff about Telekenex's movement of Telekenex and Telekenex IXC assets to other corporate entities while this lawsuit was pending.  Yet, Telekenex responded to these discovery requests in May 2010 by *falsely* stating that it had none of the requested information and documents in its "custody or control."  Subsequent deposition testimony by its top executives and its employees

---

[51] ECF No. 80.

[52] According to Telekenex's counsel, IXC is simply a name change for Telekenex IXC.  ECF No. 100 at 3 n.1.  However, because *no* documentation of this transaction has been produced, the proposed Fourth Amended Complaint also includes Telekenex IXC as a Defendant.

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW
TELEKENEX DEFENDANTS - 11
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  suggests that Telekenex and Telekenex IXC have always been managed by Telekenex and Telekenex's litigation counsel speaks on behalf of all of the Telekenex entities.

Because Telekenex, IXC and IXC Holdings have each refused to provide Plaintiff *any* of the requested documentation regarding the relationships of the four Telekenex corporate entities, Plaintiff has been forced to simply allege the four corporate form torts based on information and belief. It would make a complete mockery of this process – the proverbial Catch-22 – were Telekenex (in any of its various corporate incarnations) to oppose this motion based on the dearth of facts alleged by Plaintiff in the proposed Fourth Amended Complaint.

### III.  CONCLUSION

Plaintiff timely sought, but was denied, information about Telekenex IXC and the assets that the Telekenex companies obtained by unlawfully soliciting Straitshot's customers. Because Telekenex only informed Plaintiff of the identity of IXC Holdings and IXC, Inc. and their relationships to Telekenex and Telekenex IXC *after the pleading deadline*, good cause exists to permit Plaintiff to file and serve the proposed Fourth Amended Complaint attached hereto as Exhibit 1.[53]

DATED this 22nd day of November, 2010.

Respectfully submitted,

SUMMIT LAW GROUP PLLC

By /s/Jessica L. Goldman
    Jessica L. Goldman, WSBA #21856
    315 5th Avenue S, Suite 1000
    Seattle, WA  98104.2682
    Phone:  206.676.7000
    Fax:  206.676.7001
    *jessicag@summitlaw.com*

---

[53] For ease of reference, the proposed Fourth Amended Complaint shows the proposed changes in redline.

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW
TELEKENEX DEFENDANTS - 12
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Leonard A. Gail
*(*Admitted *Pro Hac Vice)*
MASSEY & GAIL LLP
50 East Washington Street, Suite 400
Chicago, IL  60602
Phone:  312.283.1590
Fax:  312.379.0467
*lgail@masseygail.com*

**Attorneys for Plaintiff**

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW TELEKENEX DEFENDANTS - 13
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Leigh Ann Collings Tift
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101-3122
ltift@littler.com

A. Chad Allred
ELLIS LI & MCKINSTRY
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA  98121
callred@elmlaw.com

Kenneth J. Diamond
WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, WA  98101
ken@winterbauerdiamond.com

DATED this 22nd day of November, 2010.

/s/ Deanna L. Schow
Deanna L. Schow
Legal Assistant
SUMMIT LAW GROUP, PLLC
315 5th Avenue S, Suite 1000
Seattle, WA  98104.2682
Phone:  206.676.7000
Fax:  206.676.7001
deannas@summitlaw.com

PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW
TELEKENEX DEFENDANTS - 14
CASE NO. C10-268 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001