# SUMMIT LAW GROUP®

*a professional limited liability company*
JESSICA L. GOLDMAN
DID: (206) 676-7062
EMAIL: jessicag@summitlaw.com

The Honorable Thomas S. Zilly
United States District Court
Western District of Washington
700 Stewart Street
Seattle, WA 98101

December 27, 2010

**Re:**   *Straitshot v. Telekenex*; USDC Case No. C10-268-TSZ

Dear Judge Zilly:

Plaintiff issued Subpoenas to two third parties for evidence material to Plaintiff's damages. From the C.D. of Cal., Plaintiff issued to Wellington a document Subpoena on **9/22** (requiring compliance on **10/12**) and a document custodian deposition subpoena (requiring compliance on **11/10**). Plaintiff issued a document and records custodian Subpoena to Walden from the D. of Del. on **10/26** (requiring compliance on **11/10**).

The propriety of these Subpoenas is being litigated in California and Delaware. In California, Telekenex filed a Motion to Quash, which is briefed with oral argument set for 1/19. (Telekenex brought that motion after this Court denied a similar motion and held that the issuing court should decide the issue.) Correspondingly, Plaintiff is moving to compel in accordance with the rules of the C.D. of Cal. that require a joint submission. Plaintiff has completed its portion of that submission, but Wellington has refused to cooperate pending clarification here. In Delaware, Telekenex – for itself and "in concert with Walden" – moved for a protective order on 11/10. Plaintiff filed a corresponding motion to compel, which, as of today, will be fully briefed.

The parties are before this Court because Telekenex and the third parties have taken the position that they need not comply with the September and October 2010 Subpoenas because they are untimely under this Court's 11/24 discovery cutoff and 12/8 Order. Telekenex went even further and requested that the D. of Del. sanction Plaintiff for allegedly violating this Court's Orders. Neither contention is proper.

First, Plaintiff has not violated the discovery cutoff. The Subpoenas were served in September and October and compliance was required weeks before the cutoff. The motions before the issuing courts regarding the propriety of these Subpoenas are either fully briefed or nearly so, and should not operate to render untimely the valid and timely served Subpoenas. That is particularly true given that Motions to Quash were fully briefed (in Delaware) or were being briefed (in California) before the discovery cutoff.

Second, Plaintiff has not violated the 12/8 Order. There, the Court, *inter alia*, added IXC Holdings as a Defendant, denied the same for Telekenex IXC, and ruled that the parties should conduct no "further discovery." On 12/8, Plaintiff stated it would not need to conduct any further discovery if there was compliance with the outstanding discovery. To this end, Plaintiff's counsel discussed with the Court the fact that if Plaintiff wished to compel compliance with its Subpoena to Telekenex IXC – the non-resident entity the Court ruled would not be added as a Defendant – Plaintiff would need to move to compel before the issuing court. Notably, this Court did not prohibit Plaintiff from pursuing such compliance. Moreover, the parties never even referred to Wellington or Walden, let alone the Motions being litigated in California and Delaware. Indeed, it seems unlikely the Court intended to enjoin ongoing proceedings in other courts. Plaintiff requests that this Court clarify that Plaintiff is not barred from completing the outstanding motion practice.

Respectfully,

SUMMIT LAW GROUP PLLC

/s/ Jessica L. Goldman

315 FIFTH AVE S SUITE 1000
SEATTLE, WASHINGTON 98104
*telephone* 206 676-7000
*facsimile* 206 676-7001
www.summitlaw.com

The Honorable Thomas S. Zilly  December 27, 2010
United States District Court
Western District of Washington
700 Stewart Street
Seattle, WA  98101

**Re:**     *Straitshot v. Telekenex*; USDC Case No. C10-268-TSZ

**Defendant's Position:**

(1).  The Wellington Subpoenas:  Wellington Financial USA provided financing to Telekenex in August, 2010, more than one year after Straitshot ceased doing business.  Straitshot seeks Wellington's valuation and all other documents that "refer or relate" to Telekenex pursuant to two subpoenas issued on September 23, 2010 and October 26, 2010.  Telekenex filed a timely motion to quash the subpoena with the Central District of California, where the subpoena issued, and also filed a motion for protective order with this Court.  This Court denied the motion for protective order, but stated that the decision to quash the California subpoena rested with the issuing Court in California.

On December 14, 2010, Plaintiff attempted to convince counsel for Wellington Financial (not counsel for the Telekenex Defendants) to engage in the joint process for presenting a motion to compel in the Central District of California relative to the Wellington subpoenas.  Plaintiff's counsel wrote "I am local California counsel for Straitshot RC, LLC, working with Bruce Doughty of Massey Gail (whose number is (847) 226-0425), in the matter referenced above.  Pursuant to Central District Local Rule 37-2.2, attached are Straitshot's portions of the joint stipulation regarding its motion to compel compliance with its subpoenas served on Wellington Financial USA"  What Plaintiff's counsel did not disclose is that the discovery cutoff in this matter was November 24, 2010 nor did Plaintiff's counsel divulge the terms of this Court's December 8, 2010 Minute Order which states, in relevant part "**Except as otherwise provided by the Court in this Order, or as otherwise agreed to by the parties, the parties shall conduct no further discovery.**"

Plaintiff's motion to compel is plainly untimely.  *Maynard v. Board of Regents*, 342 F.3d 1281, 1286 (11th Cir. 2003).  Furthermore, this Court's order is not ambiguous.  After December 8, 2010, the Court did not intend to allow further discovery, except as provided in the Order.  While Plaintiff's counsel implies that it was known or intended all along that Plaintiff would attempt to enforce the Wellington and Walden subpoenas, Plaintiff certainly did not disclose that intention at the time of the in-chambers conference.  Likewise, Plaintiff's counsel did not disclose that counsel had drafted two motions to compel or that these motions were in the works when the Court was informed that Plaintiff needed no further discovery other than answers to written discovery—which, it must be noted, were mentioned specifically by number.

(2)  The Walden Subpoena:  Plaintiff also issued a subpoena to Walden Investments under the auspices of the U.S. District Court in Delaware.  Plaintiff sought to compel compliance with the subpoena after the discovery cutoff.  In addition to the objections listed above, which should certainly preclude such a motion, Plaintiff asked, and the Court permitted, a deposition of one of the principals of Walden, Mr. Marcus.  Mr. Marcus is a Telekenex Board member, and his deposition was completed in early December.  Not only has Plaintiff filed an untimely motion to compel, failed to disclose the motion (or the intention to file the motion) with this Court, Plaintiff has also had the discovery relative to Walden that this Court permitted.

Respectfully submitted,

s/ Leigh Ann Tift
Leigh Ann Tift, WSBA #11776
Littler Mendelson, P.C.