THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STRAITSHOT COMMUNICATIONS, INC.,
a Washington Corporation, et al.

              Plaintiffs,

vs.

TELEKENEX, INC., a Delaware Corp., et al.

              Defendants.

No.  C10-268Z

ORDER

On May 9, 2011, the Court granted plaintiffs' motion to compel discovery, and directed defendants to submit complete discovery responses to plaintiffs within ten days.  Minute Order, docket no. 228.  The Court further directed plaintiffs to submit evidence of the reasonable attorneys' fees they incurred in bringing the motion to compel.[1]  Id.  Plaintiffs submitted their evidence of attorneys' fees on May 12, 2011, and the matter is now ripe for consideration.  See Goldman Decl., docket no. 231.

---

[1] Defendants' response to plaintiffs' fee petition, if any, was due no later than May 23, 2011.  Id.  Defendants filed no opposition to the petition.

ORDER - 1

## I.      Plaintiffs' Attorneys' Fees Incurred in Bringing the Motion to Compel

Plaintiffs' fee petition seeks an award of $2,442.00, representing 7.4 attorney hours spent on the motion to compel, at the hourly rate of $330.00.  Id.  Based on the Court's review of plaintiffs' counsel's qualifications, and the Court's familiarity with the prevailing market rate for legal services in the Seattle community, the Court concludes that $2,442.00 represents a reasonable award of attorneys' fees for the time spent bringing the motion to compel.  See Fed. R. Civ. P. 37(a)(5)(A).

## II.     Defendants' Motion for an Extension of Time

On May 18, 2011 (one day before the Court's deadline for providing complete discovery responses to plaintiffs' requests), defendants moved for an extension of the ten-day deadline.  Mot., docket no. 232.  Defendants were compelled to bring a formal motion because plaintiffs refused to agree to any extension of the deadline.  See Silverstein Decl., Ex. B, docket no. 233.  Consistent with the Court's local rules, defendants noted their motion for consideration on May 27, 2011.  Id.; see also Local Rule CR 7(d)(2).

Although plaintiffs' response to defendants' motion was not due until May 25, 2011, see Local Rule CR 7(d)(2), plaintiffs prepared and filed a six-page response to the motion the very next day, May 19, 2011.  Resp., docket no. 234.  The entire issue became moot, however, because defendants successfully completed their production of documents on May 19, 2011.  Not., docket no. 235.

ORDER - 2

Plaintiffs now request that the Court award them an <u>additional</u> $3,403.50 in attorneys' fees incurred in responding to defendants' motion.  Plaintiffs' request is not well taken.  The additional fees incurred are the direct result of plaintiffs' obstinacy in refusing to agree to the defendants' proposed reasonable extension of the production deadline.[2]  Accordingly, in light of the plaintiffs' failure to confer in good faith, the Court DENIES plaintiffs' request for an additional award of attorneys' fees.  <u>See</u> Local Rule CR 37(a)(1)(A).

## III.   CONCLUSION

Although the Court has concluded that $2,442.00 represents a reasonable sum of attorneys' fees for the time spent by plaintiffs in bringing their motion to compel, the Court is troubled by plaintiffs' arbitrary denial of defendants' reasonable request for a brief extension of the deadline to produce documents.[3]  Pursuant to Local Rule CR 37(a)(1)(A), when a party fails to confer in good faith, the Court may take any action set forth in Local Rule GR 3, which provides as follows:

---

[2] Moreover, plaintiffs' were not "forced" to incur attorneys' fees in responding to defendants' motion, as they contend in their reply brief.  Reply at 1, docket no. 236. Had plaintiffs simply waited until after the production deadline had passed (nearly a full week before the deadline for their response to defendants' motion), they would not have incurred any fees at all.

[3] Defendants sought an extension so that a single witness could have additional time to search his files for a small subset of possible additional documents.  Silverstein Decl. at ¶ 7, docket no. 233.  The search ultimately revealed no additional responsive documents, and defendants completed their production on May 19, 2011.  Supp. Silverstein Decl. at ¶¶ 4-7, docket no. 240.

Any attorney or party who . . . presents to the court unnecessary motions or unwarranted opposition to motions . . . <u>or who otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously,</u> may, in addition to, or in lieu of the sanction and penalties provided elsewhere in these rules . . . be subject to such other sanctions as the court deems appropriate.

Local Rule GR 3 (emphasis added).  Exercising its discretion under GR 3, the Court concludes that a reduction in plaintiffs' fee award is appropriate in light of plaintiffs' borderline unprofessional conduct.  Accordingly, pursuant to the Court's prior Minute Order granting plaintiffs' motion to compel, docket no. 228, the Court AWARDS plaintiffs their reasonable attorneys' fees in the amount of $1.00.[4] Defendants shall deliver full payment of the award to plaintiffs' counsel within ten (10) days of this Order.

IT IS SO ORDERED.

DATED this 27th day of May, 2011.

Thomas S. Zilly
United States District Judge

---

[4] The Court intends that this Order act as a reminder to the parties of their joint obligation to meet and confer in good faith prior to seeking relief from the Court.  <u>See</u> Local Rule CR 37(a)(1)(A).

ORDER - 4