THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STRAITSHOT COMMUNICATIONS, INC.,
a Washington Corporation, et al.

    Plaintiffs,

vs.

TELEKENEX, INC., a Delaware Corp., et al.

    Defendants.

No. C10-268Z

ORDER

This matter comes before the Court on Plaintiffs' motion for a prejudgment writ of attachment, docket no. 283. For the reasons discussed below, the Court DENIES the motion.

I. **B**ACKGROUND

On May 27, 2011, Plaintiffs Straitshot Communications, Inc. and Straitshot RC, LLC filed a motion for a temporary restraining order and prejudgment attachment to restrain the pending transaction between IXC Holdings and TelePacific Managed Services ("TelePacfic"). Motion for a Temporary Restraining Order to Restrain the

ORDER - 1

Transfer of Defendants' Assets and/or For Prejudgment Attachment (docket no. 246). The Court denied the Motion on June 10, 2011. Minute Entry (docket no. 266). In its oral ruling, the Court explained that <u>Groupo Mexicano</u>, 527 U.S. 308 (1999) barred the Court from entering a temporary restraining order when, as in this case, the Plaintiffs are seeking a money judgment. In the alternative, and as justification for denying Plaintiffs' motion for prejudgment attachment, the Court also found that Plaintiffs had failed to provide evidence to support their underlying claims and thus had failed to demonstrate a likelihood of success on the merits – a showing necessary to grant either a TRO or a prejudgment attachment. Transcript of June 10, 2011 Proceedings (docket no. 267). Plaintiffs have now renewed their motion for a prejudgment attachment.

II. **DISCUSSION**

    **A.**     **Plaintiffs' Motion is Barred by the Law of the Case.**

The law of the case doctrine is a "guide to discretion," under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court." <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 1997) (quoting <u>Thomas v. Bible</u>, 983 F.2d 152, 154 (9th Cir. 1993)). A court may depart from the law of the case when:

> 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result.

Id. Absent one of the above exceptions, failure to apply the law of the case is an abuse of discretion. Id.

Plaintiffs contend that the law of the case does not bar their present motion because their present motion is different than their previous motion, and because the law of the case doctrine does not apply. Plaintiffs are mistaken on both counts.

The issue of whether to grant Plaintiffs a pre-judgment writ of attachment in consideration of the impending transaction between IXC Holdings and TelePacific was previously addressed and decided by this Court on June 10, 2011. Minute Entry (docket no. 266). Plaintiffs have not asserted that the Court's first decision was clearly erroneous, that an intervening change in the law has occurred, or that a manifest injustice would otherwise result. Alexander, 106 F.3d at 876. Rather, Plaintiffs insist that the "evidence on reconsideration is substantially different" and that "other changed circumstances exist" because their motion is narrower this time around, they propose more options for what to do with the attached assets, and they support their motion with "newly-adduced" evidence. Reply at 3 (docket no. 314).

Undoubtedly, Plaintiffs' present motion, which seeks only a prejudgment writ of attachment, is narrower than their previous motion, which sought a prejudgment writ of attachment *or* a temporary restraining order. However, the Court may not depart from the law of the case just because the motion is thinner the second time around. Nor do new creative solutions for managing the attached assets somehow represent "changed circumstances," "substantially different evidence," or some other

justification recognized by courts as a reason to depart from the law of the case. Finally, Plaintiffs do not assert that the "newly-adduced evidence" in support of their motion here was somehow unavailable for their previous motion. Just as the Court will deny a motion for reconsideration under Local Rule CR 7(h)(1) when facts could "have been brought to [the Court's] attention earlier with reasonable diligence," the Court will not consider facts which could have been brought to the Court's attention earlier with reasonable diligence in a renewed motion for prejudgment attachment.

The cases Plaintiffs cite to in support of their argument that the law of the case does not apply to the present motion are inapposite. Plaintiffs cite to a number of cases discussing the general rule that "decisions at the preliminary injunction phase do not constitute the law of the case." Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric., 499 F.3d 1108, 1114 (9th Cir. 2007); see also S. Or. Barter Fair v. Jackson Cnty., 372 F.3d 1128, 1136 (9th Cir. 2004); Golden State Transit Corp. v. City of Los Angeles, 754 F.2d 830, 832 n.3 (9th Cir. 1985), *rev'd on other grounds*, 475 U.S. 608 (1986); Berrigan v. Sigler, 499 F.2d 514, 518 (D.C. Cir. 1974). These cases all stand for the proposition that a court's decision on a preliminary injunction should not bind the court on its review of the merits. This is because "[d]ecisions on preliminary injunctions require the district court to assess the plaintiff's likelihood of success on the merits, not whether the plaintiff has actually succeeded on the merits. Additionally, decisions on preliminary injunctions are just that – preliminary – and must often be made hastily and on less than a full record."

S. Or. Barter Fair., 372 F.3d at 1136 (internal citations omitted). These cases have no relevance here, where Plaintiffs seek only to relitigate the same prejudgment writ of attachment, not to litigate the merits of the case. Without question, the Court's denial of the earlier motion for a writ of attachment does not proscribe the outcome on the merits at trial.

Accordingly, because the law of the case doctrine is applicable here, and because Plaintiffs' present motion is nearly identical to the motion the Court denied on June 10, 2011, the Court will not reconsider Plaintiffs' motion for prejudgment writ of attachment a second time.[1]

### B. In the Alternative, Plaintiffs Have Failed to Establish the Probable Validity of Their Claims.

The Washington prejudgment attachment statute allows the Court to issue a writ of attachment if Plaintiffs establish (1) "that there is probable cause to believe that the alleged ground for attachment exists," and (2) "the probable validity of the claim sued on." RCW 6.25.070(1).

The parties dispute the amount proposed for attachment. Plaintiffs rely on the valuation of Lorraine Barrick, Plaintiffs' valuation expert, in support of their assertion that a $17.5 million writ is appropriate. Motion for Pre-Judgment Attachment, docket

---

[1] The Court also notes that the original motion was denied on June 10, 2011. The Plaintiffs have delayed bringing this motion until close to the trial of this matter now scheduled for January 9, 2012. Plaintiffs' delay alone in renewing their motion is a strong indicator that the motion lacks merit.

ORDER - 5

no. 283 at 12.[2] Defendants argue that the amount is "outrageous," but do not justify their outrage with citation to case law or an alternative valuation.

The Court has now reviewed the Defendants' motions in limine to exclude the testimony of Lorraine Barrick, and/or the admission of her report on damages. Defendants' Motions in Limine at 2 (docket no. 275). Although the Court has denied the motion to exclude, the Court has concluded that serious questions remain as to the amount of damages that may be recovered at trial. In addition, Plaintiffs have failed to provide the Court with any compelling evidence that damages, if any, were caused by the action of the Defendants. Therefore Plaintiffs have failed to establish the probable validity of their claims.

III. **CONCLUSION**

Plaintiffs' motion for a prejudgment writ of attachment, docket no. 283, is DENIED.

IT IS SO ORDERED.

DATED this 1st day of December, 2011.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

---

[2] Plaintiffs have failed to file an affidavit pursuant to RCW 6.25.060(1) which requires an affiant to state under oath that "the attachment is not sought . . . to hinder, delay, or defraud any creditor of the defendant" and that the defendants are "indebted to the plaintiff(s) (specifying the nature of the claim and the amount of such indebtedness over and above all just credits and offsets)." Plaintiffs' briefs do not satisfy the requirements of this fundamental and necessary statutory requirement to support an application for a writ of attachment under Washington law.