UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STRAITSHOT COMMUNICATIONS, INC., a Washington corporation, and STRAITSHOT RC, LLC, a Delaware limited liability company,

Plaintiffs,

v.

TELEKENEX, INC., a Delaware corporation; IXC HOLDINGS, INC., a Delaware corporation; MARK PRUDELL and JOY PRUDELL, husband and wife and the marital community composed thereof; MARK RADFORD and NIKKI RADFORD, husband and wife and the marital community composed thereof; JOSHUA SUMMERS and JULIA SUMMERS, husband and wife and the marital community composed thereof; ANTHONY ZABIT and KAREN SALAZAR, husband and wife and the marital community composed thereof; BRANDON CHANEY and DEANNA CHANEY, husband and wife and the marital community composed thereof; MAMMOTH NETWORKS, LLC, and BRIAN WORTHEN and NIKKI WORTHEN, husband and wife and the marital community composed thereof,

Defendants.
_____

MAMMOTH NETWORKS, LLC, a Wyoming limited liability company,

Counterclaimant,

v.

STRAITSHOT COMMUNICATIONS, INC., a Washington corporation,

Third-Party Defendant.

No. C10-268Z

FINDINGS OF FACT AND CONCLUSIONS OF LAW

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

# INTRODUCTION

This matter came before the Court for trial on January 9, 2012, and concluded on February 1, 2012. On February 6, 2012, the jury awarded $6,490,000 in favor of Straitshot Communications, Inc. and Straitshot RC, LLC and against Defendants Telekenex, Inc., IXC Holdings, Inc., Brandon Chaney, Deanna Chaney, Anthony Zabit, Karen Salazar, Joshua Summers, Julia Summers, Mark Prudell, Joy Prudell, Mark Radford, and Nikki Radford (collectively "Telekenex Defendants"). This amount represented the jury's verdict for Straitshot Communications, Inc. and Straitshot RC, LLC's claims for Breach of Duty of Loyalty against Mark Prudell, Joy Prudell, Joshua Summers, and Julia Summers (Third Claim); Interference with Contractual Relations against Telekenex, Inc., IXC Holdings, Inc., Brandon Chaney, Deanna Chaney, Anthony Zabit, Karen Salazar, Joshua Summers, Julia Summers, Mark Prudell, Joy Prudell, Mark Radford, and Nikki Radford (Fourth Claim); and Violation of the Consumer Protection Act against Telekenex, Inc., IXC Holdings, Inc., Brandon Chaney, Deanna Chaney, Anthony Zabit, Karen Salazar, Mark Prudell, Joy Prudell, Mark Radford, and Nikki Radford (Seventh Claim).[1]

The Telekenex Defendants raised the affirmative defenses that Straitshot Communications, Inc. and Straitshot RC, LLC's claims are barred, in whole or in part, on the grounds of estoppel, waiver, and by the doctrine of unclean hands. Agreed Pretrial Order, docket no. 334 at 4-5. The affirmative defense of waiver was subsumed in the

---

[1] The jury also awarded $674,431 to Mammoth Networks, LLC on its counterclaim for breach of contract.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 2

verdict and that affirmative defense is now moot. The Court has considered all of the evidence submitted at trial, the exhibits admitted into evidence, the testimony of witnesses at trial, and the arguments of counsel. The Court being fully advised, now enters the following Findings of Fact and Conclusions of Law relating to the remaining affirmative defenses of estoppel and unclean hands.

## **FINDINGS OF FACT**

**The Parties**

1. Plaintiff Straitshot Communications, Inc. was a corporation organized under the laws of the State of Washington and authorized to conduct business in the State of Washington. Plaintiff Straitshot RC, LLC, is a Delaware limited liability company. (Straitshot Communications, Inc. and Straitshot RC, LLC are collectively referred to as "Plaintiff" or "Straitshot").

2. Defendant Telekenex, Inc. ("Telekenex") is a Delaware corporation, registered to do business in Washington.

3. Defendant IXC Holdings, Inc. ("IXC Holdings") is a corporation organized under the laws of the State of Delaware. IXC Holdings maintains an office in Seattle, Washington and is registered to do business in the State of Washington. IXC Holdings is the successor in interest to Telekenex.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 3

4. Defendants Brandon Chaney ("Chaney") and Deanna Chaney are California residents and husband and wife, constituting a marital community. Chaney is the Chief Executive Officer of Telekenex.

5. Defendants Anthony Zabit ("Zabit") and Karen Salazar are California residents and husband and wife, constituting a marital community. Zabit is the President of Telekenex.

6. Defendants Joshua Summers and Julia Summers are Washington residents and husband and wife, constituting a marital community.

7. Defendants Mark Prudell and Joy Prudell are Washington residents and husband and wife, constituting a marital community.

8. Defendants Mark Radford and Nikki Radford are Washington residents and husband and wife, constituting a marital community.

## **CONCLUSIONS OF LAW**

9. The Telekenex Defendants assert that Straitshot's claims are barred, in whole or in part, under the doctrine of unclean hands.

10. Under the doctrine of unclean hands, in order to seek equitable relief, Straitshot must not have conducted itself in a manner "unconscientious, unjust, or marked by the want of good faith...." Portion Pack, Inc. v. Bond, 44 Wn.2d 161 (1954).

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4

11. The jury found in favor of Straitshot and against Mark Prudell, Joy Prudell, Joshua Summers, and Julia Summers on Straitshot's Third Claim for Breach of Duty of Loyalty; against all the Telekenex Defendants on the Fourth Claim for Interference with Contractual Relations; and against Telekenex, Inc., IXC Holdings, Inc., Brandon Chaney, Deanna Chaney, Anthony Zabit, Karen Salazar, Mark Prudell, Joy Prudell, Mark Radford, and Nikki Radford on the Seventh Claim for Violation of the Consumer Protection Act.  There was substantial evidence presented at trial to support these findings.  In contrast, there was no evidence presented at trial that Plaintiff engaged in any misconduct, let alone misconduct directly related to Defendants' acts.  See McKelvie v. Hackney, 58 Wn. 2d 23, 31 (1961) ("'The authorities are in accord that the 'clean hands' principle does not repel a sinner from courts of equity, nor does it disqualify any claimant from obtaining relief there who has not dealt unjustly *in the very transaction concerning which he complains * * *.*'" (emphasis in original) (quoting J. L. Cooper & Co. v. Anchor Securities Co., 9 Wn.2d 45, 75 (1941))).  The Telekenex Defendants have failed to prove by a preponderance of the evidence their defense of unclean hands.

12. The Telekenex Defendants assert that Straitshot's claims are also barred, in whole or in part, on the grounds of estoppel.  The Telekenex Defendants claim that Straitshot is estopped from repudiating its authorization to Telekenex

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 5

and/or Joshua Summers to access its systems on or after January 30, 2009 and/or its requests that Defendants use the information to provide services to Straitshot and/or its customers.

13. The defense of estoppel requires (1) an admission, statement or act inconsistent with a claim later asserted by Plaintiff; (2) reasonable reliance by Defendants on that admission, statement or act by Plaintiff; and (3) injury to the Defendants if the court permits the Plaintiff to contradict or repudiate the admission, statement or act.  Estoppel is based on the notion that a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon.  Kramarevcky v. Dep't of Soc. and Health Services, 122 Wn.2d 738, 743 (1993).

14. On January 30, 2009, Straitshot expressly authorized Telekenex, Summers, and other Telekenex network engineers to "access its systems" in order to provide assistance to Straitshot customers.  See Trial Ex. A-237.  The Telekenex Defendants claim they justifiably relied upon the authorization from Straitshot to "access its systems" and did so.  However, Straitshot demonstrated at trial that the Telekenex Defendants' conduct went well beyond what was authorized by Straitshot, including using its access to

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 6

Straitshot's systems to encourage Straitshot customers to move to Telekenex. See Trial Exs. 52, 57, 95, 234.

15. The Telekenex Defendants have not shown that Straitshot's authorization of Telekenex, Summers, and other Telekenex network engineers to access its systems to provide assistance to Straitshot customers is an "admission, statement or act inconsistent with its later claim" that the Telekenex Defendants interfered with its customer contracts. Kramarevcky,122 Wn.2d at 743; State, Dept. of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 14 (2002). Nor have the Telekenex Defendants shown any reliance by or injury to Defendants based on this access. Id. The Telekenex Defendants have failed to prove by a preponderance of the evidence the affirmative defense of estoppel.

16. The wives of defendants Prudell, Radford, Summers, Zabit, and Chaney are proper defendants in this case because Washington is a community property state. See Sunkidd Venture, Inc. v. Snyder-Entel, 87 Wn. App. 211, 215 (1997); Verstraelen v. Kellog, 60 Wn.2d 115, 119-20 (1962). Judgments holding individual defendants liable for intentional torts committed by one spouse for the benefit of the marital community are therefore judgments against the individual defendants' marital communities.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 7

17. The Court concludes that the defenses of unclean hands and estoppel have not been established by the Telekenex Defendants.

DATED this 23rd day of February, 2012.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 8